IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBERT HENRY BIBBS,

    Petitioner,

v.

ANTHONY P. KANE, Warden, and BOARD OF PAROLE HEARINGS, ARNOLD SCHWARZENEGGER, real parties in interest,

    Respondents.

No. C 05-04024 JSW

**ORDER TO SHOW CAUSE RE SECOND AMENDED PETITION**

Movant, Albert Henry Bibbs, a state prisoner, has filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

**BACKGROUND**

Petitioner was convicted by a jury of one count of attempted willful, deliberate and premeditated murder (Cal. Penal Code §§ 187, 664) and was sentenced to life plus five years, with enhancements pursuant to California Penal Code §§ 12022.7 and 12022.55.

**LEGAL CLAIMS**

Petitioner does not challenge the validity of his underlying conviction or the resulting sentence. Rather, Petitioner seeks federal habeas corpus relief by raising the claim that the California Board of Parole Hearings has violated the Due Process Clause of the 14th

---

[1] Respondent had filed a motion to dismiss Petitioner's amended petition, arguing that Petitioner failed to exhaust his claim that the state statutory guidelines are unconstitutionally vague. In response, Petitioner filed a second amended petition without this claim. Accordingly, the Court finds the motion to dismiss the amended petition is MOOT, as well as Petitioner's request for an extension of time to file an opposition to such motion.

Amendment to the United States Constitution by its repeated denials of parole to Petitioner. Liberally construed, the claim appears potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. Respondents shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

2. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: March 5, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE